AO 91 (Rev. 11/11) Criminal Complaint

SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 31 2018

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Remondtis PRICE (1) | ) | Case No. |
| Stanislaus FAIR (2) | ) | 3-18MJ599-BH |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of August 24, 2018-August 31, 2018 in the county of Dallas in the Northern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit of ATF Special Agent Michael Young

☑ Continued on the attached sheet.

_____
Complainant's signature

Michael Young, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 08/31/2018

_____
Judge's signature

City and state: DALLAS, TEXAS          IRMA C. RAMIREZ, U.S. MAGISTRTATE JUDGE
Printed name and title

## Affidavit in Support of Search Warrant

I, Michael Young, having been duly sworn, do depose and state as follows:

### PREFACE

1. The following affidavit is furnished to support a criminal complaint for Remondtis PRICE and Stanislaus FAIR for violations of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute a controlled substance), and 21 U.S.C. § 841 (Possess with the Intent to Distribute a Controlled Substance).

### Background on Affiant

2. I am employed as a Special Agent by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives and have been so employed since March 2015. During that time I have been involved in investigations involving firearms and narcotics violations. I have participated in previous investigations of violent crime related to criminal street gangs, investigations of unlawful narcotics distribution, and have conducted or participated in physical and electronic surveillances, the execution of search warrants, debriefing of informants, and the review of taped conversations. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, distributed, and the methods of payments for such drugs. I am also familiar with the methods by which narcotics traffickers communicate and the code words commonly used by narcotics traffickers.

**Affidavit in Support of Search Warrant – Page 1**

3. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests, for offenses enumerated in 18 U.S.C. § 2516.

## Background of Investigation

4. I state that based upon my training experience, and the facts set forth herein, there is probable cause to believe that Remondtis PRICE and Stanislaus FAIR violated 21 U.S.C. §§ 846 and 841.

5. On August 24, 2018, an ATF undercover officer ("UC") and an ATF confidential informant ("CI") travelled to 8550 Park Lane, apartment 347. The CI had previously identified this apartment to SA Young as a 24/7 drug trafficking location run by an individual known as "J" who is believed to be William ROSS. Additionally, at the direction of ATF, the CI had previously purchased narcotics from "J" inside the apartment while two other unidentified individuals were present.

6. The CI knocked on the door to apartment 347 and a then unidentified individual (later identified as PRICE) answered the door with a pistol in his hand. PRICE was one of the individuals present on the previous narcotics purchase. PRICE let the CI and UC into the apartment. The CI ordered $40.00 of cocaine, and the UC ordered $100.00 of cocaine, giving their combined $140.00 of ATF agent cashier funds to PRICE at that time.

Affidavit in Support of Search Warrant – Page 2

7. PRICE left the UC and CI in the living room and went to the bedroom area of the apartment. PRICE returned from the bedroom carrying a bag of small empty baggies and suspected crack and powder cocaine in $10 baggies (.1 gram baggies). PRICE then made his way into the kitchen. PRICE proceeded to bag up suspected cocaine in the kitchen for the UC and CI.

8. While PRICE was packaging the suspected cocaine, the UC asked if PRICE had any more hammers, slang for firearms, referring to the pistol in PRICE's pocket. PRICE said no. The UC asked if PRICES's firearm was a 40, referencing the caliber of the pistol, to which PRICE said "yeah." The CI asked PRICE where "J" was and PRICE said he should be on his way back.

9. PRICE counted out seven baggies of suspected cocaine, placed them on the counter, and slid them to the UC.

10. PRICE then retrieved more suspected cocaine from a box near the stove area of the kitchen. PRICE cut crack cocaine off a larger piece, which the UC estimated to be a $100.00 piece of crack cocaine, or about 1 gram. PRICE packaged the suspected cocaine and handed it to the CI. As the transaction was completed and the UC and CI started to leave, PRICE told them to take the back stairs because someone was watching the apartment.

11. The UC and CI met with SA Young and gave him the suspected cocaine that each had purchased. SA Young transferred custody of the suspected narcotics to Dallas Police Department (DPD) Officer Bryant who checked it into DPD property under DPD case

number 187509-2018, tag number 110633D. The suspected narcotics fielded tested positive for cocaine and weighed approximately 1.3 grams.

12. On August 31, 2018, Agents with ATF executed a federal search warrant at 8550 Park Lane, apartment 347, Dallas, TX.

13. During the execution of that warrant, agents encountered PRICE, who SA Young recognized as the same individual who had sold narcotics to the UC while armed on August 24, 2018. Agents also encountered Stanislaus FAIR inside the apartment.

14. Agents found two loaded firearms inside the apartment, each one recovered near to where PRICE and FAIR were found, respectively.

15. Agents also found controlled substances throughout the apartment as well as US currency and drug paraphernalia. The controlled substances were in distribution amounts and contained in or near packaging material, consistent with drug dealing activity.

16. Additionally documents were found with PRICE's and FAIR's names on them inside the apartment.

17. During a recorded interview and after waiving his *Miranda* rights, PRICE discussed the illegal narcotics transactions at this location and acknowledged that he and FAIR work the apartment together in the sale of controlled substances. PRICE also acknowledged that the firearms that were kept at the location to protect the narcotics and drug proceeds.

## CONCLUSION

18. Based on the forgoing, I respectfully submit that there is probable cause to believe that Remondtis PRICE and Stanislaus FAIR violated 21 U.S.C. § 846 and 21 U.S.C. § 841.

                                    Michael Young
                                    Special Agent, ATF
                                    Dallas, Texas

Subscribed and sworn to before me this 31st day of August, 2018

                                    HON. IRMA C. RAMIREZ
                                    United States Magistrate Judge
                                    Northern District of Texas